**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WYOMING OUTFITTERS
ASSOCIATION, doing business as
Wyoming Outfitters and Guides
Association; JIM ALLEN; TIM
TREFREN; JOHN WINTER;
BOBBI WADE; VINCE VAN
ROEGEN; KIM R. CARRARA;
WALTER LEE JONES; CRAIG
ARTMAN; CRAIG LARSEN,

      Plaintiffs-Appellants,

v.

WYOMING GAME AND FISH
COMMISSION; HAL CORBELT;
LEE HENDERSON; TRACY
HUNT; L. GARY LUNDUALL;
J. MICHAEL POWERS; MIKE
HUNZIE; JOHN BAUGHMAN,

      Defendants-Appellees,

WYOMING WILDLIFE
FEDERATION,

      Intervenor-Appellee.

Nos. 00-8066 & 00-8078
(D.C. No. 98-CV-1027-J)
(D. Wyo.)

**ORDER AND JUDGMENT** *

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
(continued...)

Before **HENRY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Plaintiffs challenge Wyoming's hunting licensing system under various provisions of the federal constitution. On July 5, 2000, the district court entered summary judgment in favor of the state. Under Fed. R. App. P. 4(a)(1)(A), plaintiffs had until August 5, 2000 to file a notice of appeal. By the close of business on August 5, no such notice had been filed.

More than two weeks later, on August 22, 2000, plaintiffs filed a notice of appeal accompanied by a motion for an extension of time. After a hearing on the motion, the district court denied the request for an extension, finding that plaintiffs did not make a showing of "excusable neglect" as required by Fed. R. App. P. 4(a)(5) (allowing a district court to extend the time to file a notice

[*](...continued)
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of appeal, provided the party so moves within thirty days after the notice was due and shows excusable neglect or good cause).  Plaintiffs appeal.  We affirm. [1]

The Supreme Court has directed that in determining what constitutes excusable neglect, a court must "tak[e] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993).  The Court has pointed to four factors that are relevant in determining whether to find excusable neglect:  1) the danger of unfair prejudice to the nonmoving party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith.  *Id.*; *see City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).

We review the district court's determination of the presence or absence of excusable neglect based on an abuse of discretion.  *City of Chanute*, 31 F.3d at 1046.  "The real question here is not whether we would have found . . . excusable neglect but rather whether we should second-guess the trial judge's

---

[1]     The notice of appeal stemming from the underlying appeal is docketed as No. 00-8066.  Plaintiffs' appeal from the district court's denial of the motion for an extension of time is docketed at No. 00-8078.  This court consolidated the appeals for purposes of briefing.

decision . . . ."  *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1564 (7th Cir. 1990) (per curiam) (en banc).

Based on the record before us, we find nothing to suggest that the district court abused its discretion.  Renewing the arguments he pressed in his motion for an extension of time, plaintiffs' counsel first states that in the month following the district court's grant of summary judgment, counsel was in the midst of a rigorous treatment of physical therapy.  The treatment was necessary as a result of injuries counsel sustained in a 1999 car accident.  We have no doubt that the treatment was painful and time-consuming, but we agree with the district court that counsel was not so physically or mentally disabled that he was unable to file the notice of appeal.  We note in particular that counsel was apparently able to perform various duties related to his extensive pro bono practice, yet was unable, he says, to file a notice of appeal in this case.

Similarly, we reject counsel's invitation to excuse his untimely notice of appeal in recognition of his impressive pro bono commitment.  While it is no doubt important for lawyers to engage in public service, we have never intimated that a deadline, especially one as significant as that contained in Fed. R. App. P. 4(a), can be excused merely because the offending lawyer has a laudable pro bono practice.  Finally, we agree with the district court that the difficulties related to counsel's inability to secure competent secretarial service, the upheaval

-4-

caused by his withdrawal from his former law firm, and the communication problems posed by his clients' treks into the wilderness do not provide, either alone or in the aggregate, a basis for a finding of excusable neglect.

Because we conclude that the district court did not abuse its discretion in denying plaintiffs' request for an extension of time, we lack appellate jurisdiction to reach the merits of the underlying appeal. We therefore DISMISS appeal No. 00-8066; with respect to appeal No. 00-8078, we AFFIRM the order of the district court denying plaintiffs' motion for an extension of time.

Entered for the Court


John C. Porfilio
Circuit Judge